UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANCIS ANDERSON, | : | |
|     Plaintiff, | : | CASE NO. 3:15-cv-542 (VAB) |
| | : | |
| v. | : | |
| | : | |
| PATRICIA REHMER, et al., | : | |
|     Defendants. | : | AUGUST 25, 2015 |
| | : | |

## RULING AND ORDER

Plaintiff, Francis Anderson, currently incarcerated at Northern Correctional Institution in Somers, Connecticut, has filed this action *pro se* under 42 U.S.C. § 1983 challenging his mental health treatment at Whiting Forensic Institute and within the Department of Correction.  On July 17, 2015, the Court ordered service of the Complaint.  A return of service has not yet been filed.  Mr. Anderson has filed a motion to compel discovery, a renewed motion for entry of default, and a motion for summary judgment with four motions seeking to add exhibits to that motion.  For the reasons that follow, Mr. Anderson's motion to compel, motion for entry of default, and motion for summary judgment are DENIED WITHOUT PREJUDICE, and his motions to add exhibits are FOUND AS MOOT.

I.    Motion to Compel

Motions to compel are governed by Rule 37 of the Federal Rules of Civil Procedure and District of Connecticut Local Civil Rule 37.  The local rule requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute.  The purpose of this rule is to encourage the parties to resolve discovery disputes without court

intervention.  *Hanton v. Price*, No. 3:04-cv-473 (CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006).  If discussions are not successful, the party moving to compel must submit an affidavit certifying as to the attempted resolution and specifying which issues were resolved and which remain.  Local Rule 37(b)1 requires that the moving party must file a memorandum containing a concise statement of the nature of the case, a specific verbatim listing of each item of discovery sought and, immediately following each listing, set forth the reason why the item should be allowed.  In addition, copies of the discovery requests must be included as exhibits.

In his motion to compel, Mr. Anderson states that he "wrote to defendants several times in an attempt to resolve the dispute informally as required by local rule" and that the defendants told him they would not respond to his Freedom of Information Act request and would not compromise.  ECF No. 23 ¶ 3.  The motion must be denied for two reasons.  First, a Freedom of Information request is not a discovery request in this case.  If Mr. Anderson is not satisfied with the response, he should address the matter to the Connecticut Freedom of Information Commission.  *See* Conn. Gen. Stat. § 1-206.  Second, Mr. Anderson has not complied with the local rules.  He has not included copies of his discovery requests, and his memorandum does not contain a verbatim listing of the discovery sought and explain why each item should be allowed.

Mr. Anderson's motion to compel is denied without prejudice.

II.     Renewed Motion for Entry of Default

Mr. Anderson renews his motion seeking to default the defendants for failure to plead.  In denying his prior motion for default, the Court informed Mr. Anderson that the defendants were not required to file a response until 21 days after service of the complaint.  Although Mr. Anderson refers to proof of service in his motion, the docket contains no return of service showing that the complaint was served on the defendants.  The only information on the docket shows when the papers were sent to

the U.S. Marshal Service. This date does not show proof of service. Thus, Mr. Anderson's motion for entry of default is denied as premature.

III.  Motion for Summary Judgment and Motions to Add Exhibits

Mr. Anderson has filed a motion for summary judgment. Local Rule 56(a)1 requires that a motion for summary judgment be accompanied by "a document entitled 'Local Rule 56(a)1 Statement,' which sets forth in separately numbered paragraphs meeting the requirements of Local Rule 56(a)3 a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried." Rule 56(a)3 requires that each statement in the Rule 56(a)1 Statement "must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial." This requirement applys to attorneys and *pro se* litigants.

Mr. Anderson has not provided the required Local Rule 56(a)1 Statement. Accordingly, his motion for summary judgment is denied without prejudice to refiling in proper form. As the summary judgment motion has been denied, the motions to add exhibits to that motion are moot.

IV.  Conclusion

Mr. Anderson's motion to compel [Doc. #23] and motion for summary judgment [Doc. #24] are DENIED without prejudice. Mr. Anderson's renewed motion for entry of default [Doc. #25] is DENIED as premature. The motions to add exhibits [Docs. ##26, 27, 28, 29] are FOUND AS MOOT.

SO ORDERED at Bridgeport, Connecticut, this twenty-fifth day of August 2015.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE