UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANCIS ANDERSON | : | |
| | : | |
|    Plaintiff, | : | CASE NO. 3:15-cv-00542 (VAB) |
| | : | |
| v. | : | |
| | : | |
| PATRICIA REHMER, et al. | : | OCTOBER 30, 2015 |
| | : | |
|    Defendants. | : | |

**RULING AND ORDER**

**I.  BACKGROUND**

Plaintiff, Francis Anderson, currently incarcerated at Northern Correctional Institution ("Northern"), filed this action *pro se* under 42 U.S.C. § 1983 against Defendants, Patricia Rehmer, Helene Vartelas, Scott Semple, and Anne Cournoyer, in their official capacities. Mr. Anderson alleges that Defendants and their employees physically and mentally abused him while he was incarcerated at Whiting Forensic Institute ("Whiting"), and that Defendants denied him mental health treatment and he hurt himself as a result. He claims that these alleged actions constitute cruel and unusual punishment in violation of the Eighth Amendment.

On July 17, 2015, the Court entered an Initial Review Order directing Defendants to answer the Complaint and respond to Mr. Anderson's four then-pending motions for injunctive relief. On October 13, 2015, the Court ordered Defendants to respond to three additional motions for injunctive relief that Mr. Anderson had filed since the Initial Review Order. Mr. Anderson then filed two more motions for injunctive relief. After Defendants responded to seven of Mr. Anderson's nine then-pending motions, Mr. Anderson filed one more.

## II. DISCUSSION

### A. Motions for Injunctive Relief [ECF Nos. 9, 11, 14, 16, 31, 40, 44, 50, 51, 64]

Mr. Anderson has filed ten motions for injunctive relief. He generally alleges that he is mentally ill, Defendants are denying him mental health treatment, and he is hurting himself as a result.[1] He contends that he is in imminent danger of serious physical injury.[2]

Three of Mr. Anderson's motions are styled as motions for mandamus relief under Connecticut Practice Book §§ 23-45 to -48. Connecticut procedural rules do not apply in this federal action. The Court will construe these motions as seeking mandamus relief under federal law. *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (court must review *pro se* filings to "raise the strongest arguments [they] suggest[].").

The federal mandamus statute does not authorize this Court to compel a state official to act. *See* 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."); *Tatum v. City of New York*, 104 F.3d 351 (2d Cir. 1996) (district court cannot issue writ of mandamus compelling action by state officials); *Lebron v. Armstrong*, 289 F. Supp. 2d 56, 58 (D. Conn. 2003) ("By its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty."). Defendants are state officials sued in their official capacities. This Court cannot issue mandamus against them. Accordingly, Mr. Anderson's motions for mandamus relief are denied.

---

[1] Mr. Anderson's motions also allege a number of incidents of perceived mistreatment and abuse by prison staff not party to this lawsuit, but do not identify an imminent risk of irreparable harm separate and distinct from that allegedly arising from Defendants' alleged denial of mental health treatment.

[2] Mr. Anderson has had more than three cases dismissed as frivolous. *Anderson v. Ramos*, No. 3:10-cv-1928 (CSH), 2013 WL 2244177, at *1 (D. Conn. May 21, 2013). As a result, he may not bring an action *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

2

The remaining seven motions for injunctive relief are styled as motions for preliminary injunctions and temporary restraining orders. Interim injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation marks and citation omitted). "[A] federal court should grant injunctive relief against a state or municipal official 'only in situations of most compelling necessity.'" *Osuch v. Gregory*, 303 F. Supp. 2d 189, 194 (D. Conn. 2004) (quoting *Vorbeck v. McNeal*, 407 F. Supp. 733, 739 (E.D. Mo. 1976) *aff'd*, 426 U.S. 943 (1976)).

Preliminary injunctions and temporary restraining orders are governed by the same standard. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992). The party seeking relief must establish "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief." *Citigroup Glob. Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 (2d Cir. 2010). Moreover, because Mr. Anderson's motions seek mandatory rather than prohibitory relief (*i.e.*, they seek to compel Defendants to provide particular mental health treatment), Mr. Anderson must meet a "higher standard" requiring him to make a "clear or substantial showing of a likelihood of success" on the merits of his claims. *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir. 1996) (internal quotation marks omitted); *accord Carter v. Fagin*, 363 F. Supp. 2d 661, 662 (S.D.N.Y. 2005) (order compelling prison medical staff to treat jaw condition was mandatory injunction requiring greater showing).

Although a hearing generally is required on a properly supported motion for preliminary injunction, oral argument and testimony are not required in all cases. *See Maryland Cas. Co. v. Realty Advisory Bd. on Labor Relations*, 107 F.3d 979, 984 (2d Cir.1997). "Where, as here, 'the record before a district court permits it to conclude that there is no factual dispute which must be resolved by an evidentiary hearing, a preliminary injunction may be granted or denied without hearing oral testimony.'" *Anderson v. Lantz*, No. 3:07-cv-1689 (MRK), 2008 WL 4210775, at *1 (D. Conn. Sept. 11, 2008) (quoting 7 James W. Moore, et al., *Moore's Federal Practice* ¶ 65.04[3] (2d ed. 1995)). Upon review of the record, the Court determines that oral testimony and argument are not necessary in this case.

Plaintiff's motions for preliminary injunctions and temporary restraining orders must be denied for several reasons.

First, Mr. Anderson has not established that he is at imminent risk of irreparable harm. "Irreparable harm is an injury that is not remote or speculative but actual and imminent, and for which a monetary award cannot be adequate compensation." *Tom Doherty Assocs., Inc. v. Saban Entm't, Inc.*, 60 F.3d 27, 37 (2d Cir. 1995). "Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*

Mr. Anderson's motions allege that he will hurt himself if he does not receive adequate mental health treatment. He alleges that, in response to being denied mental health treatment, he has punched walls, smashed his head into walls, and cut his wrist. Defendants submitted several

affidavits from physicians and psychiatrists employed by the Connecticut Department of Correction ("DOC"), which confirm that Mr. Anderson has engaged in self-injurious behavior, including punching balls and smashing his head into walls, but attest, on the basis of observing Mr. Anderson, that these incidents resulted in only superficial cuts and abrasions and there is no evidence of any serious physical injury.

Defendants' submissions show that Mr. Anderson's current status is no different from any other point in his incarceration, and that he is not at imminent risk of irreparable harm. Over the history of his incarceration, Mr. Anderson has repeatedly requested mental health treatment and, when offered such treatment, generally refused it. From August 25, 2014 to September 25, 2015, Mr. Anderson made 56 documented mental health requests, and on 47 of those occasions refused to acknowledge or engage with staff. During the same period, Mr. Anderson refused to speak to psychologists on five occasions. From September 29, 2015 to October 15, 2015, Mr. Anderson made 28 documented mental health requests, and on 15 of those occasions refused to acknowledge or engage with staff. Dr. Craig G. Burns, Chief of Psychiatric Services for the DOC, visited Mr. Anderson on October 5, 2015 and asked Mr. Anderson to sign consents to get information about a course of treatment that Mr. Anderson indicated would be helpful for him. Mr. Anderson responded by saying, "What the [expletive deleted] are you going to do for me?" and then stared straight ahead without speaking. Dr. Burns indicates that Mr. Anderson has refused approximately 84% of the attempts made by mental health staff to interact with him, and that there is no basis for Mr. Anderson's claim of denial of psychiatric care.

Mr. Anderson cannot claim, on one hand, that he is at imminent risk of serious physical injury as a result of the denial of mental health treatment, while, on the other hand, refusing mental health treatment offered to him. Dr. Burns explains at length the myriad mental health

resources available to Mr. Anderson at Northern (*e.g.*, psychiatrist, psychologist, social workers, 24-hour nursing staff, DOC Health Services Division personnel, cognitive behavioral therapy program), and maintains that these resources are adequate to provide Mr. Anderson with appropriate care.  "However," Mr. Burns notes, "Mr. Anderson's repeated refusals to talk with staff remains the primary obstacle that inhibits Mr. Anderson from being able to access the mental health care that is available to him at Northern."  This is not a "situation[] of most compelling necessity" warranting an injunction against a state official.  *Osuch*, 303 F. Supp. 2d at 194.  Mr. Anderson has not carried his burden to show that he is faced with an actual and imminent risk of irreparable harm.

      Second, Mr. Anderson has not demonstrated any likelihood of success on the merits or sufficiently serious questions going to the merits, much less a clear or substantial showing of a likelihood of success as required for a mandatory injunction.  None of Mr. Anderson's motions for injunctive relief discuss his likelihood of success on the merits or serious questions going to the merits.  Mr. Anderson's Complaint conclusorily alleges that "Defendants and there [*sic*] employee's [*sic*] physical, [*sic*] and mental [*sic*] abused the plaintiff at whiting" and "[d]enied the plaintiff mental health treatment . . . ."  Defendants have moved to dismiss these allegations on grounds of mootness and failure to allege a plausible claim under the Eighth Amendment.  Defendants' motion to dismiss appears to have merit, and Plaintiff has not offered any arguments as to why he has any likelihood of success in this matter.

      Third, it is unclear from Mr. Anderson's motions who he wishes to enjoin.  To the extent that he seeks to enjoin Defendants at Whiting, his motions are moot because he is no longer confined at Whiting.  *See, e.g.*, *Keitt v. New York City*, 882 F. Supp. 2d 412, 449 (S.D.N.Y.

2011) ("[A] transfer from a prison facility moots an action for injunctive and declaratory relief against the transferring facility because the prisoner is no longer located there.").

### B. Motion to Consolidate Motions with Trial on the Merits [ECF No. 62]

Defendants moved under Fed. R. Civ. P. 65(a)(2) to consolidate all of Mr. Anderson's motions for injunctive relief with a trial on the merits. Because all of Mr. Anderson's motions for injunctive relief have been denied, this motion is moot.

### C. Motion to Compel Mental Health Examination [ECF Nos. 42, 43]

Defendants moved under Fed. R. Civ. P. 35 for an order (i) compelling Mr. Anderson to submit to a physical and mental examination, and (ii) compelling Mr. Anderson to sign authorizations for the release of his medical records from Whiting. Mr. Anderson filed an objection stating that he has an "up-date [*sic*] mental health examination" and attaching a psychiatric update dated May 23, 2012.

Rule 35 provides that the Court may, for good cause, order a party whose mental or physical condition is in issue to submit to a physical or mental examination. "A court has broad discretion whether to order a mental examination under Fed. R. Civ. P. 35, '[a]lthough the rule is to be construed liberally in favor of granting the examination.'" *Ziemba v. Armstrong*, No. 3:98-cv-2344 (JCH), 2004 WL 834685, at *1 (D. Conn. Mar. 15, 2004) (quoting 7 James Wm. Moore, *Moore's Federal Practice* § 35.05[1] (3rd ed. 2003)).

Mr. Anderson has put his mental and physical health in issue with his allegations that he suffers from mental illness, requires treatment, and physically injures himself as a result of alleged denial of treatment. The Court finds that good cause exists to order a physical and mental health evaluation in this case. Despite Mr. Anderson's refusals to accept treatment, Dr. Burns attests that he is "still intent on helping Mr. Anderson." The Court finds that an

examination by Dr. Burns may help resolve the claims in this lawsuit, and may help Mr. Anderson generally.  The Court cannot order an examination, however, because such an order must "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it[,]" Fed. R. Civ. P. 35(a)(2)(B), and Defendants have not supplied any of that information.

The Court declines to order Mr. Anderson to sign authorizations for the release of his medical records from Whiting.  While the Court recognizes that these records would assist Dr. Burns in examining Mr. Anderson, Defendants have not supplied the Court with any authority for entering such an order.  The Court will, however, condition Mr. Anderson's ability to file any further motions for injunctive relief on his (i) submitting to the mental and physical examination requested by Defendants and (ii) authorizing the release of any medical records deemed necessary by the person or persons performing the examination.

### D.    Motion to Seal Medical Records [ECF No. 56]

Defendants moved to seal Mr. Anderson's medical records filed in opposition to his motions for injunctive relief.  Defendants point out that these records are protected under state and federal law.  The Court finds that good cause exists to seal the materials, and that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons.  *See* D. Conn. L. Civ. R. 5(e)3.

### E.    Motion to Compel [ECF No. 63]

Plaintiff's motion to compel is denied for several reasons.  First, the motion does not comply with Fed. R. Civ. P. 37(a)(1) because it does not include a certification that Plaintiff has in good faith conferred or attempted to confer with the party allegedly failing to make disclosure or discovery in an effort to obtain it without court action.  Second, the motion seeks an order

compelling Defendants to produce "the documents" but does not specify which documents. Third, the motion seeks an order compelling Defendants to respond to Plaintiff's requests for admissions, but the attachment to Plaintiff's motion shows that Defendants have responded to his requests for admissions. *See* ECF No. 63 at 2-3.

## III.   CONCLUSION

For the foregoing reasons, Mr. Anderson's motions for injunctive relief [ECF Nos. 9, 11, 14, 16, 31, 40, 44, 50, 51, and 64] are DENIED WITH PREJUDICE. Mr. Anderson may not file any further motions for injunctive relief on the basis of denial of mental health treatment unless and until he (i) undergoes the physical and mental health examination requested by Defendants, and (ii) authorizes the release of any medical records deemed necessary by the person or persons performing the examination. Defendants' Motion to Compel Physical and Mental Health Examination [ECF Nos. 42 and 44] is provisionally GRANTED, on the condition that within twenty-one (21) days of the date hereof, Defendants shall file a proposed order setting forth the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it. Defendants' Motion to Consolidate and to Advance the Trial on the Merits [ECF No. 62] is FOUND AS MOOT. Plaintiff's Motion to Compel [ECF No. 63] is DENIED.

SO ORDERED at Bridgeport, Connecticut this thirtieth day of October, 2015.

   /s/ Victor A. Bolden  
VICTOR A. BOLDEN  
UNITED STATES DISTRICT JUDGE