UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| FRANCIS ANDERSON, | : | |
| | : | |
|    Plaintiff, | : | CIVIL ACTION NO.: |
| | : | 3:15-cv-00542 (VAB) |
| v. | : | |
| | : | |
| PATRICIA REHMER, ET AL., | : | APRIL 18, 2016 |
| | : | |
|    Defendants. | : | |

## RULING AND ORDER

**I.    Introduction**

Plaintiff, Francis Anderson, currently incarcerated at Northern Correctional Institution in Somers, Connecticut ("Northern"), filed this action *pro se* under 42 U.S.C. § 1983 against Defendants, Patricia Rehmer, Helene Vartelas, Scott Semple, and Anne Cournoyer, in their official capacities. Mr. Anderson alleges that Defendants and their employees physically and mentally abused him while he was confined at the Whiting Forensic Division of the Connecticut Valley Hospital ("Whiting"), falsified criminal charges against him, and, while he was at Northern, denied him mental health treatment, which allegedly caused him to hurt himself.

On November 2, 2015, the Court entered an Amended Order (ECF No. 68) denying Mr. Anderson's ten motions for preliminary injunctive relief, which were based on allegations that Defendants were abusing him and denying him mental health treatment and he was hurting himself as a result. Am. Order, ECF No. 68. The Court denied Mr. Anderson's requests for preliminary injunctions and temporary restraining orders because (1) Mr. Anderson had not shown that he was at imminent risk of irreparable harm, because he had repeatedly requested mental health treatment and, when offered treatment, refused it; and (2) Mr. Anderson had not demonstrated likelihood of success on the merits or sufficiently serious questions going to the

1

merits.  *See id.* at 4-7.

Mr. Anderson filed an interlocutory appeal of the Court's order denying his motions for preliminary injunctions and temporary restraining orders.  *See* Notice of Interlocutory Appeal, ECF No. 76.  The Second Circuit dismissed that appeal because it lacked an arguable basis in law or fact.  *See* Mandate, ECF No. 105.

At the time of the Court's November order, the sole request for relief in Mr. Anderson's complaint was that the Court issue preliminary injunctions and temporary restraining orders to provide him mental health treatment, and "stop the cruel and unusual punishment[.]"  Compl. at 8, ECF No. 1.[1]  Because the sole request for relief was adjudicated, the Court should have dismissed this action then, and hereby dismisses it now.  *See, e.g.*, *Stevenson v. State & Local Police Agencies*, 42 F. Supp. 2d 229, 230, 234 (W.D.N.Y. 1999) (dismissing *pro se* plaintiff's action after denying request for preliminary injunction, which was plaintiff's "sole request for relief"); *see also Lovaas v. Osen*, No. C–06–66–BU, 2007 WL 686689, *5 (D. Mont. March 5, 2007) (recommending dismissal of *pro se* plaintiff's action upon denial of her request for preliminary injunction and temporary restraining order, which was the only relief sought in the complaint); *Herder v. Biesh*, Civil No. 1:CV-09-2470, 2011 WL 861818, at *1, *3 (M.D. Pa. Mar. 9, 2011) (dismissing *pro se* plaintiff's action after finding moot his sole request for relief – an injunction to compel medical care); *cf. Holt v. Cont'l Grp., Inc.*, 708 F.2d 87, 92 (2d Cir. 1983) (where complaint's sole request for relief was preliminary injunction, and district court had denied that request and dismissed complaint, Second Circuit recognized that further proceedings could occur with respect to section 1981 claim only if plaintiff sought relief beyond

---

[1] Mr. Anderson has had more than three cases dismissed as frivolous.  *See Anderson v. Ramos*, No. 3:10-cv-1928 (CSH), 2013 WL 2244177, at *1 (D. Conn. May 21, 2013).  As a result, he may not bring an action *in forma pauperis* unless he is in "imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

preliminary injunction).  The remaining pending motions are found as moot.[2]  The Clerk shall enter judgment in the defendants' favor and close this case.

SO ORDERED at Bridgeport, Connecticut, this eighteenth day of April, 2016.

                                              /s/ Victor A. Bolden_____
                                              VICTOR A. BOLDEN
                                              UNITED STATES DISTRICT JUDGE

---

[2]     In its November order, the Court found that good cause existed to order a mental health examination of Mr. Anderson under Federal Rule of Civil Procedure 35, and directed Defendants to submit a proposed order setting forth the manner, conditions, and scope of the examination. Am. Order at 7-8. As directed, Defendants filed a motion and proposed order. Motion for Order, ECF No. 83. For the reasons stated above, however, the Court now finds the motion moot.

     Mr. Anderson filed a motion for leave to file an amended complaint.  He does not seek to amend his request for relief, but rather to add six Department of Correction employees as new defendants. For the reasons stated above, the Court finds the motion as moot. Even if it were not moot, the Court would deny the motion, because it is devoid of allegations against the individuals that Mr. Anderson seeks to add as defendants, and because Mr. Anderson has not filed a proposed amended complaint. *See generally* Motion for Leave to File Am. Compl., ECF No. 78. Justice does not require granting leave to amend under these circumstances. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (complaint must give defendant fair notice of claim and grounds upon which it rests). Moreover, the Court cannot determine whether the claims Mr. Anderson wishes to assert against these individuals would be based on conduct which occurred after, and is unrelated to, the conduct that gave rise to his original complaint. *See, e.g.*, *Taylor v. Macomber*, No. 97 Civ. 4127 (DAB), 1999 WL 349696, at *6 (S.D.N.Y. May 27, 1999) (denying leave to add defendant where new allegations concerned conduct that "did not begin until after Plaintiff filed his original complaint and cannot be considered an extension of any of the prior allegations" and noting that "[l]eave to amend a complaint is properly denied when allegations asserted in the proposed amended complaint do not relate to claims asserted in the original complaint"); *Smith v. Goord*, No. 04-CV-6432, 2007 WL 496371, at *3 (W.D.N.Y. Feb. 12, 2007) (denying request to amend complaint to include claims against new defendants concerning events that occurred at a correctional facility more than a year after the events in the original complaint, which occurred at a different correctional facility, on the grounds that proposed new claims were "not sufficiently related to the original claims").

3